IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| E-Z-EM, INC. and ACIST MEDICAL SYSTEMS, INC., <br> Plaintiffs, <br> v. <br> MALLINCKRODT, INC. and LIEBEL-FLARSHEIM COMPANY, <br> Defendants. | § § § § § § § § § § CIVIL ACTION NO. 2-09-cv-124 |

## **ORDER**

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge [Dkt. No. 33], which contains his recommendation, has been presented for consideration. Objections to the Report and Recommendation were filed by the Defendants [Dkt. No. 37].

The Court is of the opinion that the conclusions of the Magistrate Judge are correct. This case is only one part of a larger dispute between plaintiffs and defendants that began when Mallinckrodt and Liebel-Flarsheim asserted patent infringement against E-Z-EM, Inc. and Acist Medical Systems, Inc. in 2007 in this Court. *See* Mallinckrodt, Inc. et al v. E-Z-EM, Inc. et al., 2:07-cv-262-TJW ("the '262 case"). The Court agrees that the first-filed case in this ongoing battle between the parties was the '262 case and not the case filed two years later that is now pending in Delaware.

"The federal courts long have recognized that the principle of comity requires federal district courts-courts of coordinate jurisdiction and equal rank-to exercise care to avoid interference with each other's affairs." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751

F.3d 721, 728 (5th Cir. 1985). Notwithstanding the Court's agreement with Judge Everingham's interpretation of the law regarding first-filed cases, it has subsequently come to the Court's attention that the District of Delaware has denied a motion to transfer pending before it. In the interests of comity, the Court with jurisdiction over the first-filed case may decide to proceed or transfer the case. *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith*, 961 F.2d 1148, n.28 (5th Cir. 1992) ("[I]n the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case."). The Court finds that, under the circumstances, this case should be transferred to the District of Delaware for further proceedings in order to avoid duplicative litigation. Accordingly, Defendants' motion transfer is GRANTED.

SIGNED this 31st day of March, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE